UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

GLORIA ANNE MORRISON,

    Plaintiff,

vs.                                                      Case No._____

SENIOR RESOURCE ASSOCIATION, INC.,
a Florida Not for Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, GLORIA ANNE MORRISON, sues Defendant, SENIOR RESOURCE ASSOCIATION, INC., and states as follows:

## JURISDICTION

Jurisdiction in this Court is proper because retaliation for asserting rights under the Families First Corona Virus Response Act ("FFCRA") violate the Fair Labor Standards Act, as Amended, ("FLSA"), 29 U.S.C. §201, et.seq.

## VENUE

Venue is proper in this Court as the Defendant maintains business operations within the Southern District of Florida.

## PARTIES

1. Plaintiff, GLORIA ANNE MORRISON, is a citizen of the State of Florida, residing in Indian River County.

2. Plaintiff is an employee within the meaning of 29 C.F.R. § 826.40.

1

3. Defendant, SENIOR RESOURCE ASSOCIATION INC., is a not-for-profit business that provides services to older adults and transportation to all.

4. Defendant is an employer within the meaning of 29 C.F.R. § 826.40.

## FACTUAL ALLEGATIONS

5. Plaintiff worked for Defendant for approximately three years.

6. In the Spring of 2019, Plaintiff was diagnosed with breast cancer for which she underwent three surgeries and a procedure before starting radiation in July 2019. Plaintiff took leave under the Family Medical Leave Act while she was undergoing the radiation treatment.

7. On March 9, 2020, the Governor of the State of Florida declared a state of emergency as a result of COVID 19. On April 1, Governor DeSantis issued an Executive Order requiring all senior citizens and individuals with significant underlying medical conditions (including immunocompromised status and cancer) to stay at home to limit the risk of exposure to COVID-19.

8. Plaintiff had cancer as well as a compromised immune system, having received radiation therapy within the last six months. Based on this Executive Order, the majority of Defendant's employees were working from home. Plaintiff asked if the telephones could be forwarded to her home and appointments could be made for clients that needed to come to the office so she could also work from home and only have to physically come to the office to check the mail and for scheduled appointments.

9. Defendant indicated that the phones could not be forwarded[1] so

---

[1] Although Plaintiff is aware of at least one occasion that occurred in July 2020 where the phone lines were transferred when there was a possible chance of a hurricane coming.

Plaintiff would have to physically come to the office.

10. Due to her concerns about her immunity issues, Plaintiff contacted her doctor, Sharon Noori, M.D. Dr. Noori provided Plaintiff with a work excuse advising that, due to having been diagnosed with breast cancer and undergoing treatment, she should be permitted to work from home to avoid potential exposure to the COVID virus.

11. Rather than allowing her to work from home, in response to the doctor's note, Defendant placed Plaintiff on leave under the Families First Corona Relief Act.

12. Plaintiff returned to work in June 2020.

13. Throughout her employment, in addition to her regular job duties, Plaintiff often helped in other departments. Throughout her employment, Plaintiff had discussed her desire to advance in her career with Defendant.

14. On July 17, 2019, Plaintiff received a performance appraisal in which she was rated above average in 12 out of 13 categories.

15. On July 27, 2020, Plaintiff received a performance appraisal in which she was rated above average in 12 out of 13 categories.

16. At one point, Plaintiff was told by Natalie Kutina, Compliance Case Manager who supervises case managers and case aides, that she would be transitioning into the position of Case Aide, which would be considered a promotion.

17. For a couple of weeks, Plaintiff was doing the invoices/billing, which is approximately fifty percent of the duties of the Case Aide. Plaintiff was performing these duties on top of her regular responsibilities of her job.

18. Subsequently, Plaintiff was advised that she would have to interview for the position. The interview was conducted by Shawna Callaghan, Director of Programs ("DOP") and Karen Deigl, the Chief Executive Officer ("CEO") of Defendant.

19. During the interview, Ms. Deigl stated that she was concerned about the leave Plaintiff had taken under the FFCRA and was inclined not to consider her for advancement. Ms. Deigl asked Plaintiff what she intended to do if there were a similar situation where it was suggested that employees work from home. Plaintiff responded that she hoped not to be in that situation again.

20. Plaintiff received an email stating that she did not receive the position.

21. On November 6, 2020, Plaintiff submitted her resignation advising that she could not continue to work for Defendant based on being discriminated against for having taken protected leave under the FFCRA. No response was received to Plaintiff's resignation letter.

## COUNT 1 RETALIATION FOR TAKING LEAVE UNDER THE FFCRA

The foregoing paragraphs are incorporated as if fully stated herein.

22. Plaintiff was placed on leave under the FFCRA and subsequently returned to work.

23. Plaintiff had been told that she would be promoted to the position of Case Aide.

24. Instead of receiving the promotion, Plaintiff was required to interview.

25. During the interview Defendant's CEO advised that she was concerned about Plaintiff taking leave (which qualified under the FFCRA) and not inclined to promote her because of it. The CEO specifically inquired what Plaintiff would do if there were another situation where she faced with the need to take leave again

4

given her history of cancer and compromised immunity in the COVID-19 environment.

26. Plaintiff was denied the promotion based on taking protected leave and the potential need to do so in the future.

WHEREFORE, Plaintiff demands damages for lost wages, benefits, front pay, stress, anxiety, emotional distress, and liquidated damages; prejudgment and post judgment interest; attorney's fees and costs; and any other relief the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: January 28, 2021            Respectfully submitted,

*/s/Beth Coke*

Beth Coke
Fla. Bar. #70726
Beth@cokeemploymentlaw.com
Coke Employment Law
131 N. 2nd Street, Suite 204
Fort Pierce, Fl. 34950
Telephone: (772) 252-4230
Facsimile: (772) 252-4575
Attorney for Plaintiff